# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of: )
)
INFORMATION ASSOCIATED WITH MACGWIRE )
BECK THAT IS STORED AT PREMISES CONTROLLED ) Case No. 17-M-222
BY DROPBOX, INC. See Attachment A. )
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

Information associated with Macgwire Beck that is stored at premises controlled by Dropbox, Inc. See Attachment A.

located in the Eastern District of Wisconsin, there is now concealed:

See Attachment B.

The basis for the search under Fed. R. Crim P. 41(c) is:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of: 18 U.S.C. § 2252A: Possession, receipt, and distribution of child pornography.

The application is based on these facts: See attached affidavit.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

FBI Task Force Officer Dickson Woo
*Printed Name and Title*

Sworn to before me and signed in my presence:

Date: Dec. 15, 2017

_____
*Judge's signature*

City and State: Milwaukee, Wisconsin          David E. Jones, U.S. Magistrate Judge
                                              *Printed Name and Title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Dickson Woo, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant for information associated with certain accounts that is stored at premises owned, maintained, controlled, or operated by Dropbox, Inc., an online, electronic file storage provider headquartered at 185 Berry Street, 4th Floor, San Francisco, California 94107. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Dropbox, Inc. to disclose to the government records and other information in its possession pertaining to the subscriber or customer associated with the accounts, including the contents of communications.

2.      I am a Task Force officer with the Federal Bureau of Investigation (FBI), and have been since January, 2015 I am assigned to the FBI's Child Exploitation Task Force, Milwaukee Division. My duties include investigating violations of federal criminal law, including violations of Title 18, United States Code, Section 2252, which criminalizes accessing with intent to view, possession, receipt, and distribution of child pornography. I have gained experience in conducting these investigations through training and through everyday work, to include executing search warrants and conducting interviews of individuals participating in the trading and manufacturing of child pornography. I have also received training relating to the investigation of Internet Crimes against Children (ICAC) which includes training in the

investigation and enforcement of state and federal child pornography laws in which computers and other digital media are used as a means for receiving, transmitting, and storing child pornography.

3. As a Federal Task Force officer, I am authorized to investigate violations of United States laws and to execute warrants issued under the authority of the United States. In particular I investigate violations of Title 18, United States Code, Sections 2251 and 2252A which criminalize, among other things, the production, advertisement, possession, receipt, and transportation of child pornography.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 2252A have been committed by Macgwire Beck. There is also probable cause to search the information described in Attachment A for evidence of these crimes and contraband or fruits of these crimes, as described in Attachment B.

## PROBABLE CAUSE

6. The FBI had identified Kik user "KitB10" as a person sharing, posting, and trading images of child pornography on Kik. This Kik user "KitB10" was later identified as DAXTON HANSEN ("Hansen"), an adult male, living in Roy, Utah.

7. On 04/12/2017 a search warrant was executed at Hansen's residence in Roy, Utah. Multiple digital devices were seized which belonged to Hansen. Hansen admitted he had been viewing and sharing child pornography for approximately two years on Kik. He primarily shared, stored, and viewed child pornography via the application Kik. Hansen used the Kik profile name "KitB10" and only used this profile to share child pornography. Hansen was communicating with hundreds people on Kik and was an "Administrator" to multiple child pornography groups in Kik. All of these groups traded nude images or videos of young prepubescent boys engaged in various sexual acts. Hansen and other Kik users he communicated with frequently traded child pornography via Dropbox, pCloud, and other online or cloud based storage. Hansen estimated that he primarily sought child pornography images or videos of young boys ages 8-11. During the interview Hansen also signed an FD-1086, "Consent to Assume Online Identity Authorization" form for his Kik and Instagram accounts.

8. **Account Takeover of "KitB10": Online Undercover Session Summary**

Date Beginning/Ending: 04/12/2017 to Current

Software/Application: KIK Messenger Application

9. **Session Details:**

Online Covert Employee - 6765 ("OCE") was connected to the Internet in an online undercover capacity from a computer located at the FBI Office in Salt Lake City. A software program "Camtasia Studio" was used to record the online activity, chats, and child pornography identified within Kik.

10. Beginning on 04/12/2017 and continuing until current, OCE signed onto the internet in an undercover capacity and initiated Kik instant messenger using the Kik username

"KitB10" - (Access to this screen name had been provided via consent during the interview of Daxton Hansen). Hansen used this profile to create numerous child pornography groups, which he would facilitate finding people to add to the group, encourage others to trade or produce child pornography, and ban users from the group who wouldn't share or trade. A Kik user can create their own screen name and username. The username within their profile stays the same while the screen name can be changed at any time. The following was accomplished during these online undercover sessions:

11. On 04/12/2017, OCE identified numerous Kik Groups and hundreds of Kik contacts who were actively trading images of nude prepubescent aged children (boys and girls) engaged in numerous sex acts. Some of the child pornography Kik Groups that "KitB10" was member of were titled "The Loony Bin", "Boy Links Only! Send On Entry Or Ban", "Gaypervyoung", "Lovely Boys", "Boy Group", "Boy Poorn Lovers", "Trade", "Trade DB", "DBT", "Dropbox or other" and etc. Each group can contain up to 50 members. Over the course of the online undercover session, members would be invited and/or banned from the group by the administrators if they were not posting images and videos of child pornography. Most of the Kik groups required Kik users to post child pornography to the group before entry was allowed. Through OCE's training and experience, administrators of these groups find other people within Kik who have previously shared or shown interest in child pornography. These Kik users were then invited to the group. The administrators only invited members who will post images of child pornography and they will encourage other members to share images and videos. OCE did not have access to any previously posted images, videos, and/or comments prior to the OCE's account takeover.

12. OCE reviewed the messages, pictures, and videos posted by members of these child pornography groups and observed numerous videos, pictures, and links depicting child pornography, as well as comments posted by others in response to images and videos of child pornography that were posted. Images and videos posted to these groups depicted prepubescent boys posing in various stages of undress in sexually explicit positions and videos of children engaging in sexual activity with adults or children. Every member of the Kik group has the ability to post, view, and download images within the group. Every time the OCE identified a Kik member posting images of child pornography recordings were taken of the member's profile and profile image. The images or videos posted were downloaded or recorded for evidence. "Camtasia Studio" was used to record the videos and chat messages posted by the members.

13. KIK Messenger ("Kik") is a free chat application for mobile devices in which users can sent text messages, pictures, and videos to other users. Kik users can communicate directly with an individual or with multiple users in a group chat. When signing up for a Kik account, a user supplies an email address, a unique username, and a display name that is seen when chatting with other users. On 04/28/2017 to 05/22/2017 OCE identified that Kik user "no_limits_bmx", was a member of a known child pornography group within Kik titled "Boy Links Only! Send on Entry or be Kicked". This group distributed, advertised, facilitated, discussed, accessed, viewed, and/or downloaded thousands of videos and images of child pornography.

14. The Kik user "no _limits_bmx" did post child pornography via Dropbox "links" on 04/30/2017 and 05/14/17 and was a member of the group for almost a month where thousands of images/videos of child pornography were shared. Most of the images/videos shared by

members in the group were nude prepubescent and toddler age boys engaged in sexual acts with adults and other children.

15. During a Kik chat on 04/30/17 "no_ limits_bmx" posted the following dropbox link:

https // www.dropbox.com/sh/1jdp2fq9dib7yim/AADrlVab9a5dFnCHUgx14-ZHa?dl=0

and on a another Kik chat on 05/14/17 "no_limits_bmx" posted a dropbox link:

https://www.dropbox/sh/z478vn7nlkavsbc/AAB6_kn3l32iWeGwACclQlsea?dl=0

OCE had clicked on the dropbox link from the 04/30/17 posting and observed a zip file named "Cold Sweat.zip". OCE then opened the zip file and observed 89 videos. OCE also downloaded the zip file with the 89 videos. According to OCE some of the videos were child pornography videos. I reviewed the videos and determined that 7 of the videos appeared to be child pornography videos.

16. One of the video titled: File Feb 24, 11 46 37 PM.mp4 was a 35 second video of an adult performing a penis to anus sex act with a 6 to15 month old infant.

17. On 05/03/2017, an Administrative Subpoena was served on Kik requesting subscriber information associated with username "no_limits_bmx". On 07/17/2017, Kik responded and provided the following information:

Username: no_limits_bmx

First name: Macgwire

Last name: middle finger..middle finger

Email: macgwire536@yahoo.com (unconfirmed)

IP Address: 99.19.101.187

18. A query on the IP address 99.19.101.187 was conducted through the American Registry for Internet Numbers (ARIN) showed it was listed to AT&T.

19. On 08/14/2017, an Administrative Subpoena was served on AT&T requesting subscriber information associated with the IP address 99.19.101.187 provided by Kik. On 08/18/2017, AT&T responded and provided the following information:

Name: Elizabeth Monroe

Account #: 149804026

Address: 425 Courtland Ave, Oshkosh, WI 54901-9736

Email address: Skulinu83@aol.com

Phone #: (716) 466-3030

20. On 12/08/17, an Administrative Subpoena was served on Yahoo requesting subscriber information associated with the email address of Macgwire536@Yahoo.com provided by Kik. On 12/11/17, Yahoo responded and provided the following information:

There is no such email address on record

21. A check in open source records showed a Macgwire J. Beck resided at the address listed in the AT&T subpoena (425 Courtland Ave, Oshkosh, WI) and related to Elizabeth Monroe (Beck). A comparison of the Wisconsin department of motor vehicle (DMV) driver's license photo of Macgwire J. Beck (M/W 06/09/98) matched the photo for the Kik profile of

"no_limits_bmx_" and the Kik name "Macgwire". The DMV record also listed Macgwire Beck with the same listed address of 425 Courtland Ave, Oshkosh, WI.

22. Upon receipt of this information, the suspected user of Kik name of "no_limits_bmx" was identified as Macgwire J. Beck (white male 5'4", 135 lbs; DOB: 06/09/1998; SSN: 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; Wisconsin driver's license: B200-5509-8209-01 of 425 Courtland Ave, Oshkosh, WI 54901-9736.

23. "Dropbox" refers to an online storage medium on the internet accessed from a computer or electronic storage device. As an example, online storage mediums such as Dropbox make it possible for the user to have access to saved files without the requirement of storing said files on their own computer or other electronic storage device. Dropbox is an "offsite" storage medium for data viewed at any time from any device capable of accessing the internet. Users can store their files on Dropbox and avoid having the files appear on their computer. Anyone searching an individual's computer that utilizes Dropbox would not be able to view these files if the user opted only to store them at an offsite such as Dropbox. These are often viewed as advantageous for collectors of child pornography in that they can enjoy an added level of anonymity and security.

24. Dropbox provides a variety of online services, including online storage access, to the general public. Dropbox allows subscribers to obtain accounts at the domain name www.dropbox.com. Subscribers obtain a Dropbox account by registering with an email address. During the registration process, Dropbox asks subscribers to provide basic personal identifying information. This information can include the subscriber's full name, physical address,

telephone numbers and other identifiers, alternative e-mail addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number).

25. When the subscriber transfers a file to a Dropbox account, it is initiated at the user's computer, transferred via the Internet to the Dropbox servers, and then can automatically be synchronized and transmitted to other computers or electronic devices that have been registered with that Dropbox account. This includes online storage in Dropbox servers. If the subscriber does not delete the content, the files can remain on Dropbox servers indefinitely. Even if the subscriber deletes their account, it may continue to be available on the Dropbox servers for a certain period of time.

26. Online storage providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account, and other log files that reflect usage of the account. In addition, online storage providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices accessed the account.

27. In some cases, Dropbox account users will communicate directly with Dropbox about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Online storage providers typically retain records about such communications,

including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

28. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Dropbox, Inc. to disclose to the government copies of the records and other information, including the content of communications, particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## CONCLUSION

29. Based on the forgoing, I request that the Court issue the proposed search warrant because there is probable cause to believe that evidence of a criminal offense, namely, a violation of 18 U.S.C. § 2252A, is located within Dropbox account(s) associated with Dropbox link files, which are more fully described in Attachment A, which is incorporated herein by reference.

30. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

31. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

# ATTACHMENT A

## Property to Be Searched

The property to be searched is the entire digital contents of the Dropbox account(s) associated with the following Dropbox link files and/or subscriber name:

1. https // www.dropbox.com/sh/1jdp2fq9dib7yim/AADrlVab9a5dFnCHUgx14-ZHa?dl=0

2. https://www.dropbox/sh/z478vn7nlkavsbc/AAB6_kn3l32iWeGwACclQlsea?dl=0

3. Macgwire J. Beck of 425 Courtland Ave, Oshkosh, WI , email address of Macgwire536@yahoo.com and user name of Macgwire Beck or "no_limits_bmx".

and all its associated services including deleted files and e-mails; IP addresses and associated dates/times used to access the e-mail account; that is/are stored at premises owned, maintained, controlled, or operated by Dropbox, Inc., headquartered at 185 Berry Street, 4th Floor, San Francisco, CA 94107.

# **ATTACHMENT B**

## **Particular Items to be Seized**

### I.   **Information to be disclosed by Dropbox, Inc.**

To the extent that the information described in Attachment A is within the possession, custody, or control of Dropbox , including any messages, records, files, logs, or information that have been deleted but are still available to Dropbox or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Dropbox is required to disclose the following information to the government for each account or identifier listed in Attachment A:

   a.   The contents of all folders associated with the account, including stored or preserved copies of files sent to and from the account, the source and destination addresses associated with file, and the date and time at which each file was sent;

   b.   All transactional information of all activity of the Dropbox accounts described above, including log files, messaging logs, records of session times and durations, dates and times of connecting, and methods of connecting: and emails "invites" sent or received via Dropbox, and any contact lists.

   c.   All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

d.  All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

e.  All records pertaining to communications between Dropbox and any person regarding the account or identifier, including contacts with support services and records of actions taken.

## II. Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of 18 U.S.C. § 2252A involving the account(s) associated with the Dropbox link files referenced in Attachment A pertaining to the possession and distribution of child pornography images and/or videos.

## III. Method of delivery

Items seized pursuant to this search warrant can be served by sending, on any digital media device, to TFO Dickson Woo at: Federal Bureau of Investigation, 3600 South Lake Drive, St. Francis, Wisconsin 53235.

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Dropbox, Inc. and my official title is _____. I am a custodian of records for Dropbox, Inc. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Dropbox, Inc., and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b. such records were kept in the ordinary course of a regularly conducted business activity of Dropbox, Inc.; and

    c. such records were made by Dropbox, Inc. as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____    _____
Date                                              Signature